IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JORDAN, | ) No. C 09-2715 JSW (PR) |
| Petitioner, | ) |
| vs. | ) **ORDER TO SHOW CAUSE** |
| M. S. EVANS, Warden, | ) |
| Respondent. | ) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Salinas Valley State Prison in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms ("BPT") denial of parole during parole suitability proceedings in 2005. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of first degree murder and robbery in Los Angeles County Superior Court in 1974, and was sentenced to an indeterminate term of seven years-to-life in prison. In this habeas action, Petitioner does not challenge his conviction, but instead challenges the execution of his sentence. Petitioner contends that the denial of parole by the BPT during parole suitability proceedings in 2005 violated his constitutional rights and his rights under federal law. He alleges that he has exhausted state judicial remedies as to all of the claims raised in

his federal petition.

## DISCUSSION

I. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. <u>Legal Claims</u>

Petitioner alleges that his constitutional rights, including those under the Due Process Clause, Equal Protection Clause, Ex Post Facto Clause and the First and Eighth Amendments were violated by the four year parole denial by the BPT in 2005. Liberally construed, the allegations are sufficient to warrant a response from Respondent. *See Board of Pardons v. Allen*, 482 U.S. 369 (1987); *see, e.g., Morales. v. California Dep't of Corrections*, 16 F.3d 1001, 1005 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 499 (1995).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all

2

portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

    3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

    4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

    IT IS SO ORDERED.

DATED:  October 26, 2009

                                              JEFFREY S. WHITE
                                              United States District Judge

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

CHARLES JORDAN et al,

        Plaintiff,

  v.

M S EVANS et al,

        Defendant.

Case Number: CV09-02715 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 26, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles Jordan
#B54540
P.O. Box 1050
Soledad, CA 93960-1050

Dated: October 26, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk